IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. **6:23-cv-03266-MDH** |
| ELITE AUTOMOTIVE SERVICE, LLC, ) and ADAM L. BUSCH, ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendant Busch's Motion to Set Aside Default Judgment. (Doc. 17). The United States has filed their Suggestions in Opposition (Doc. 19) and Defendant Busch has not replied. This motion is now ripe for ruling. For the reasons set forth herein, the Motion to Set Aside Default Judgment is **DENIED**.

On August 23, 2023, the United States sued defendants Adam L. Busch ("Busch") and Elite Automotive Service, LLC ("Elite") to (1) reduce Elite's unpaid tax liabilities to judgment and (2) obtain injunctive relief pursuant to 26 U.S.C. § 7402(a) to ensure Busch's and Elite's compliance with the internal revenue laws. Despite being served with the summons and complaint, Busch and Elite did not answer or otherwise respond. The Clerk entered defaults against them based on the failure to participate and the United States moved for default judgment. The Court entered final default judgment against Busch and Elite on April 16, 2024. Now, more than 16 months later, Busch has appeared in the case for the first time and moves the Court to set aside its judgment against him, citing Fed. R. Civ. P. 55(c) and 60(b)(1) and (6).

**Fed. R. Civ. P. 55**

1

Defendant Busch contends that Rule 55(c) of the Federal Rules of Civil Procedure permits the Court to set aside default judgments for good cause. However, that reading of FRCP 55(c) is mistaken. See FRCP 55(c) below:

> FRCP 55 (c) Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).

The wording of the statute clearly differentiates between an *entry of default* and a *final default judgment*. An entry of default may be set aside for good cause under Rule 55(c). However, under the Rule a final default judgment must be set aside under Rule 60(b). Because the Court entered a final default judgment in this matter, more than a mere default, Rule 55(c)'s good cause is not applicable to permit the relief Defendant Busch requests.

## Fed. R. Civ. P. 60

Defendant Busch contends Rule 60(b)(1) permits the Court to relieve a party from a final judgment because of "mistake, inadvertence, surprise, or excusable neglect," or as stated in Rule 60(b)(6) "any other reason that justifies relief."

As for Rule 60(b)(1), Defendant Busch fails to address the timing of his motion. Rule 60(c) sets forth that a motion under 60(b)(1) must be made no more than a year after the entry of the judgment. This Motion to Set Aside Judgment comes almost 17 months after the entry of judgment on April 16, 2024. Thus, Defendant Busch cannot pursue a set aside under Rule 60(b)(1).

As for Rule 60(b)(6), the United States contends that Defendant Busch cannot prevail under 60(b)(6) because his claim for relief is covered under 60(b)(1). The Court agrees. Rule 60(b)(6) is a catchall provision that allows a district court to reopen a case for "any other reason that justifies relief." *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1620, 221 L. Ed. 2d 850 (2025). That is,

2

Rule 60(b)(6) only applies when a movant's claim for relief is not already covered by 60(b)(1)-(5). *Honickman*, 145 S. Ct. at 1619. Were it otherwise, this catchall provision could swallow the preceding paragraphs and "'b[e] used to circumvent'" their time bars, effectively making these limitations periods superfluous. *Id*. Because Defendant Busch argues that his alleged unsophistication and the bad advice he received fall under excusable neglect (60(b)(1)), he cannot rely upon Rule 60(b)(6) to bypass Rule 60(b)(1)'s one-year limitations period.

Even if Rule 60(b)(6) did apply, it is construed narrowly and only "extraordinary circumstances" warrant reopening a case. *See Honickman*, 145 S. Ct. at 1620. Defendant Busch has presented none. To justify relief under Rule 60(b)(6), a party must show he is faultless in the delay. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). The Supreme Court in *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950) emphasized the importance of a Rule 60(b)(6) movant's faultlessness, explaining that "[t]here must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." The Court finds Defendant Busch not faultless in his delay and that he made a deliberate choice to ignore the complaint. He cannot rely on Rule 60(b)(6) to set aside the default judgment.

## CONCLUSION

For the reasons set forth herein, Defendant Busch's Motion to Set Aside Default Judgment is hereby **DENIED**.

**IT IS SO ORDERED**.
DATED: September 25, 2025

          */s/ Douglas Harpool*
          **DOUGLAS HARPOOL**
          **UNITED STATES DISTRICT JUDGE**